UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

HUGHEY JACKSON,

Plaintiff,

-against-

CITY OF NEW YORK, RONNIE P. GUERRA, ERNESTO CRUZ, and JOHN AND JANE DOES 1 Through10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants,

-----------------------------------------------------------------------------X

**AMENDED COMPLAINT**

CV 07 10663 (RWS)

Jury Trial Demanded

Plaintiff HUGHEY JACKSON, individually, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the States of New York and the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff HUGHEY JACKSON is a citizen of the United States, and at all relevant times was a resident of Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, RONNIE P. GUERRA, ERNESTO CRUZ, and JOHN and JANE DOES 1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On or about August 31, 2006, at approximately 2:50 p.m., plaintiff HUGHEY JACKSON was lawfully present near the Chase Bank located in the vicinity of Grand Concourse and Fordham Road in the Bronx.

13. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or any just cause stopped and grabbed the plaintiff, threw plaintiff into a wall, and then forcibly slammed him to the ground. Plaintiff was thereafter struck on his back, legs and shoulders, and felt the officers forcefully twist his legs. The defendants proceeded to unlawfully handcuff the plaintiff in an excessively tight manner, and refused to loosen the cuffs despite plaintiff's many requests and complaints of pain. Mr. Jackson was taken against his will to an NYPD police precinct in the Bronx, where he was issued a bogus summons charging plaintiff with committing alleged Disorderly Conduct. The summons, which was issued by the defendants despite the lack of merit or any probable cause or grounds to believe that plaintiff had committed any offense, was issued to cover up the defendants' abuse of authority and acts of brutality. Notwithstanding, upon information and belief, the summons was dismissed and sealed on or around October 25, 2006, prior to plaintiff's first Court appearance on November 2, 2006.

14. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

15. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York.

16. As a result of the foregoing, plaintiff HUGHEY JACKSON sustained, *inter alia*,

physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

17. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18. All of the aforementioned acts of defendants, their agents, servants and employees, including the arrest and detention of the plaintiff without probable cause, were carried out under the color of state law.

19. All of the aforementioned acts deprived plaintiff HUGHEY JACKSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

22. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22 with the same force and effect as if fully set forth herein.

24. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff HUGHEY JACKSON's constitutional rights.

25. As a result of the aforementioned conduct of defendants, plaintiff HUGHEY JACKSON was subjected to excessive force and sustained physical injuries.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants had an affirmative duty to intervene on behalf of plaintiff HUGHEY JACKSON, whose constitutional rights were being violated in their presence by other officers.

28. The defendants failed to intervene to prevent the unlawful conduct described herein.

29. As a result of the foregoing, plaintiff HUGHEY JACKSON's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause, and subjected to unlawful and excessive force.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

32. As a result of the foregoing, plaintiff HUGHEY JACKSON was deprived of his liberty, subjected to excessive force, and deprived of his right to be free from supervisory liability.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants arrested plaintiff HUGHEY JACKSON without probable cause or privilege, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

35. Defendants caused plaintiff HUGHEY JACKSON to be falsely arrested and unlawfully imprisoned.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. §1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants issued plaintiff a summons returnable in a New York City Criminal Court for the collateral objective of covering up their acts of brutality and abuse of authority during the arrest of the plaintiff.

38. Defendants thereby caused plaintiff HUGHEY JACKSON to be deprived of his

right to be free from malicious abuse of process.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to a policy and practice of conducting excessive unlawful stops and searches of individuals of African American descent, and committing acts of brutality and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff HUGHEY JACKSON's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

42. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff HUGHEY JACKSON.

43. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff HUGHEY JACKSON as alleged herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff HUGHEY JACKSON as alleged herein.

45. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff HUGHEY JACKSON was unlawfully beaten, otherwise subjected to physical abuse, detained, searched and incarcerated.

46. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff HUGHEY JACKSON' constitutional rights.

47. All of the foregoing acts by defendants deprived plaintiff HUGHEY JACKSON of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from false arrest;

C. To be free from excessive force;

D. To be free from the failure to intervene;

E. To be free from malicious abuse of process.

48. As a result of the foregoing, plaintiff HUGHEY JACKSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

51. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

52. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

53. Plaintiff has complied with all conditions precedent to maintaining the instant action.

54. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

55. Plaintiff repeats reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. As a result of the foregoing, plaintiff HUGHEY JACKSON was placed in apprehension of imminent harmful and offensive bodily contact.

57. As a result of defendants' conduct, plaintiff HUGHEY JACKSON has suffered

physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants made offensive contact with plaintiff without privilege or consent.

60. As a result of defendants' conduct, plaintiff HUGHEY JACKSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

63. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

64. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

65. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff HUGHEY JACKSON.

66. As a result of the aforementioned conduct, plaintiff HUGHEY JACKSON suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants arrested plaintiff HUGHEY JACKSON without probable cause.

69. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

70. As a result of the aforementioned conduct, plaintiff HUGHEY JACKSON was unlawfully imprisoned in violation of the laws of the State of New York.

71. As a result of the aforementioned conduct, plaintiff HUGHEY JACKSON suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff HUGHEY JACKSON.

74. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff HUGHEY JACKSON.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they

engaged in the wrongful conduct described herein.

81. As a result of the foregoing, plaintiff HUGHEY JACKSON is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
(Malicious Abuse of Process under the laws of the State of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Plaintiff was issued a summons returnable in a New York City Criminal Court for the collateral objective of covering up the defendants acts of brutality and abuse of authority.

84. As a result of the foregoing, plaintiff HUGHEY JACKSON is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff HUGHEY JACKSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 26, 2008

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: ____________________
BRETT H. KLEIN

Attorneys for Plaintiff HUGHEY JACKSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

HUGHEY JACKSON,

Plaintiff,

CV 07 10663 (RWS)

-against-

CITY OF NEW YORK, RONNIE P. GUERRA, ERNESTO CRUZ, and JOHN AND JANE DOES 1 Through10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants,

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff HUGHEY JACKSON
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100