UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

HUGHEY JACKSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, RONNIE P. GUERRA,
ERNESTO CRUZ, and JOHN AND JANE DOES 1
through 10, individually and in their official
capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendants.

----------------------------------------------------------------- X

**ANSWER TO AMENDED
COMPLAINT**

JURY TRIAL DEMANDED

07 CV 10663 (RWS)

Defendants the City of New York, Police Officer Ronnie P. Guerra and Sergeant

Ernesto Cruz by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New

York, for their answer to the amended complaint, respectfully allege, upon information and

belief, as follows:

1.   Deny the allegations set forth in paragraph "1" of the amended complaint,

except admit that the plaintiff purports to bring this action as stated therein.

2.   Deny the allegations set forth in paragraph "2" of the amended complaint,

except admit that the plaintiff purports to bring this action and to invoke this Court's jurisdiction

as stated therein.

3.   Deny the allegations set forth in paragraph "3" of the amended complaint,

except admit that the plaintiff purports to invoke this Court's jurisdiction as stated therein.

4.   Deny the allegations set forth in paragraph "4" of the amended complaint,

except admit that the plaintiff purports that venue is proper as stated therein.

1

5.  Deny the allegations set forth in paragraph "5" of the amended complaint, except admit that the plaintiff purports to demand a trial by jury on all issues in the matter pursuant to Fed.R.Civ.P. 38(b) as stated therein.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the amended complaint.

7.  Admit the truth of the allegations set forth in paragraph "7" of the amended complaint.

8.  Deny the allegations contained in paragraph "8" of the amended complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, and that the City of New York maintains a police department.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the amended complaint regarding the "John and Jane Doe 1 Through 10", except admit that the City of New York maintains a police department, and that Ronnie P. Guerra and Ernesto Cruz were employed by the City of New York as a police officers on or about August 31, 2006.

10. The allegations set forth in paragraph "10" of the amended complaint constitute conclusions of law rather than an averment of fact, and, accordingly, no response is required.

11. The allegations set forth in paragraph "11" of the amended complaint constitute conclusions of law rather than an averment of fact, and, accordingly, no response is required.

12. Deny the allegations set forth in paragraph "12" of the amended complaint.

2

13. Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that the plaintiff was issued a summons for Disorderly Conduct on August 31, 2006, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the disposition of the summons.

14. Deny the allegations set forth in paragraph "14" of the amended complaint.

15. Deny the allegations set forth in paragraph "15" of the amended complaint.

16. Deny the allegations set forth in paragraph "16" of the amended complaint.

17. In response to the allegations set forth in paragraph "17" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

18.    The allegations set forth in paragraph "18" of the amended complaint constitute conclusions of law rather than an averment of fact, and, accordingly, no response is required.  To the extent that a response is required, defendants deny the allegations set forth in paragraph "18" of the amended complaint.

19. Deny the allegations set forth in paragraph "19" of the amended complaint.

20. Deny the allegations set forth in paragraph "20" of the amended complaint.

21. Deny the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint.

23. In response to the allegations set forth in paragraph "23" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the amended complaint.

25. Deny the allegations set forth in paragraph "25" of the amended complaint.

26. In response to the allegations set forth in paragraph "26" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the amended complaint.

28. Deny the allegations set forth in paragraph "28" of the amended complaint.

29. Deny the allegations set forth in paragraph "29" of the amended complaint.

30. In response to the allegations set forth in paragraph "30" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the amended complaint.

32. Deny the allegations set forth in paragraph "32" of the amended complaint.

33. In response to the allegations set forth in paragraph "33" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. Deny the allegations set forth in paragraph "35" of the amended complaint.

36. In response to the allegations set forth in paragraph "36" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the amended complaint, except admit that Officer Ronnie P. Guerra issued the plaintiff a summons returnable in a New York City Criminal Court.

38. Deny the allegations set forth in paragraph "38" of the amended complaint.

39. In response to the allegations set forth in paragraph "39" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the amended complaint.

41. Deny the allegations set forth in paragraph "41" of the amended complaint.

42. Deny the allegations set forth in paragraph "42" of the amended complaint.

43. Deny the allegations set forth in paragraph "43" of the amended complaint.

44. Deny the allegations set forth in paragraph "44" of the amended complaint.

45. Deny the allegations set forth in paragraph "45" of the amended complaint.

46. Deny the allegations set forth in paragraph "46" of the amended complaint.

47. Deny the allegations set forth in paragraph "47" of the amended complaint and all subparagraphs thereof.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

49. In response to the allegations set forth in paragraph "49" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the amended complaint, except admit that the New York City Office of the Comptroller received what purports to be a notice of claim, on or about November 20, 2006.

51. Deny the allegations set forth in paragraph "51" of the amended complaint, except admit that the New York City Office of the Comptroller received what purports to be a notice of claim on or about November 20, 2006, and that no settlement has been reached.

52. The allegations contained in paragraph "52" of the amended complaint constitute conclusions of law rather than an averment of fact, and, accordingly, no response is required.

53. The allegations contained in paragraph "53" of the amended complaint constitute conclusions of law rather than an averment of fact, and, accordingly, no response is required.

54. The allegations contained in paragraph "54" of the amended complaint constitute conclusions of law rather than an averment of fact, and, accordingly, no response is required.

55. In response to the allegations set forth in paragraph "55" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the amended complaint.

57. Deny the allegations set forth in paragraph "57" of the amended complaint.

58. In response to the allegations set forth in paragraph "58" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the amended complaint.

60. Deny the allegations set forth in paragraph "60" of the amended complaint.

61. In response to the allegations set forth in paragraph "61" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the amended complaint.

63. Deny the allegations set forth in paragraph "63" of the amended complaint.

64. Deny the allegations set forth in paragraph "64" of the amended complaint.

65. Deny the allegations set forth in paragraph "65" of the amended complaint.

66. Deny the allegations set forth in paragraph "66" of the amended complaint.

67. The allegations set forth in paragraph "67" of the amended complaint constitute conclusions of law rather than an averment of fact, and, accordingly, no response is required. To the extent that a response is required, defendants deny the allegations set forth in paragraph "67" of the amended complaint.

68. Deny the allegations set forth in paragraph "68" of the amended complaint.

69. Deny the allegations set forth in paragraph "69" of the amended complaint, except admit that the plaintiff was handcuffed.

70. Deny the allegations set forth in paragraph "70" of the amended complaint.

71. Deny the allegations set forth in paragraph "71" of the amended complaint.

72. In response to the allegations set forth in paragraph "72" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the amended complaint.

74. Deny the allegations set forth in paragraph "74" of the amended complaint.

75. In response to the allegations set forth in paragraph "75" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the amended complaint.

77. In response to the allegations set forth in paragraph "77" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the amended complaint.

79. In response to the allegations set forth in paragraph "79" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

80. Deny the allegations set forth in paragraph "80" of the amended complaint.

81. Deny the allegations set forth in paragraph "81" of the amended complaint.

82. In response to the allegations set forth in paragraph "82" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

83. Deny the allegations set forth in paragraph "83" of the amended complaint.

84. Deny the allegations set forth in paragraph "84" of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

85. The amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

86. Defendants the City of New York, Police Officer Ronnie P. Guerra and Sergeant Ernesto Cruz have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

87. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

88. At all times relevant to the acts alleged in the amended complaint, Defendants City and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

89. Punitive damages cannot be recovered from the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

99. Plaintiff's claims may be barred in part by the applicable statute of limitations.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

100. Plaintiff has not complied with the conditions precedent to suit.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

101. There was probable cause for plaintiff's arrest and prosecution.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

102. The individual defendants, Police Officer Ronnie P. Guerra and Sergeant Ernesto Cruz, have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

103. At all times relevant to the acts alleged in the amended complaint, the individual defendants, Police Officer Ronnie P. Guerra and Sergeant Ernesto Cruz, acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE,** defendants the City of New York, Police Officer Ronnie P. Guerra and Sergeant Ernesto Cruz request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
      July 2, 2008

              MICHAEL A. CARDOZO
              Corporation Counsel of
              the City of New York
              Attorney for defendants
               City of New York and
               Police Officer Ronnie P. Guerra, and
               Sergeant Ernesto Cruz
              100 Church Street
              New York, New York 10007
              (212) 788-1090

        By:  _____
              ROBYN N. PULLIO (RP 7777)

To:   <u>VIA ECF</u>
    Brett H. Klein, Esq.
    Leventhal & Klein, LLP
    Attorney for Plaintiff
    45 Main Street, Suite 820
    Brooklyn, N.Y. 11201